# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0393, <u>Appeal of Eric Dupuis</u>, the court on July 14, 2015, issued the following order:**

Having considered the briefs of the parties and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in this case. The petitioner, Eric Dupuis, appeals a decision of the New Hampshire Attorney General (AG) upholding the determination of the New Hampshire Victims' Assistance Commission (Commission), denying the petitioner's claim for compensation for injuries he suffered following a burglary in his home. We affirm.

The record establishes the following facts. In February 2012, an intruder entered the home of the petitioner and his wife while they were sleeping in their bedroom. The petitioner's wife woke the petitioner after hearing the shaking of the locked handle of their bedroom door. After the petitioner grabbed a gun, opened the bedroom door, and entered the hallway, the intruder ran past him and out the front door of the house.

Once the intruder left the home, the petitioner entered his vehicle and drove down a road to search for the intruder. The petitioner eventually turned the vehicle around, and, on his way back home, he saw the intruder on the road. After stopping and leaving his vehicle, the petitioner tackled the intruder and restrained him until an off-duty police officer arrived. In the course of tackling and restraining the intruder, the petitioner's leg was injured. The intruder was later charged with burglary. <u>See</u> RSA 635:1 (2007) (amended 2014).

In October 2012, the petitioner filed a claim with the Commission seeking compensation, in part, for medical expenses and lost wages that stemmed from his injuries. The Commission denied his claim, determining that he was ineligible for compensation under New Hampshire Administrative Rules, Jus 605.02(e).

The petitioner moved for reconsideration. Following a hearing, at which both the petitioner and his wife testified, the Commission upheld its denial of the claim. The Commission explained that, because the "crime of burglary ended when the offender left [the petitioner's] property," the petitioner's injury resulted from the petitioner's "pursuit of the offender and [was] not a direct result of the crime."

Thereafter, the petitioner appealed to the AG.  See N.H. Admin. Rules, Jus 603.03(p).  The AG agreed with the Commission that the petitioner's "conduct primarily contributed to his injury," and, therefore, the AG upheld the Commission's decision denying the petitioner's request for compensation.  See N.H. Admin. Rules, Jus 605.02(e).  This appeal followed.

The petitioner argues that it was error to deny his request for compensation.  RSA chapter 541 governs our review.  See N.H. Admin. Rules, Jus 603.03(v); see also RSA 541:2, :6 (2007).  RSA 541:13 (2007) provides:

> Upon the hearing the burden of proof shall be upon the party seeking to set aside any order or decision of the commission to show that the same is clearly unreasonable or unlawful, and all findings of the commission upon all questions of fact properly before it shall be deemed to be prima facie lawful and reasonable; and the order or decision appealed from shall not be set aside or vacated except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable.

Resolution of this appeal requires statutory and regulatory interpretation.  We use the same principles of construction when interpreting both statutes and regulations. Appeal of Old Dutch Mustard Co., 166 N.H. 501, 506 (2014).  We first look to the language of the statute or regulation itself, and, if possible, construe that language according to its plain and ordinary meaning.  Id.  When the language of the statute or regulation is clear on its face, its meaning is not subject to modification.  Id.

The petitioner argues that New Hampshire Administrative Rules, Jus 605.02(e) does not bar his claim for compensation because his injury resulted from the burglary, and not his own conduct.  The petitioner asserts that the burglary did not end when the intruder left his home because "the threat remained" until the intruder was apprehended.

The version of RSA 635:1 in effect at the time of the incident stated, in relevant part, that "[a] person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied section thereof, with purpose to commit a crime therein."  According to the statute's plain language, a necessary element of a burglary is that a perpetrator be within "a building or occupied structure."  RSA 635:1, I.  Thus, the burglary concluded, at the latest, upon the intruder's exit from the petitioner's home because he no longer remained in the home.  See id.  Indeed, when the petitioner suffered his injuries, both he and the intruder were not in the home, but were outside along a road.  Therefore, we conclude that it was not error to find that the burglary had been completed at the time the petitioner suffered his injuries.

We also disagree with the petitioner's argument that New Hampshire Administrative Rules, Jus 605.02(e) does not bar his claim for compensation. This regulation provides, in pertinent part, that the Commission "shall deny the claim for compensation in its entirety" if the "primary victim engaged in conduct that primarily contributed to his or her personal injury or death." N.H. Admin. Rules, Jus 605.02(e). Although the intruder's entrance into the petitioner's home triggered the series of events that eventually concluded with the petitioner suffering injuries, we agree with the determination that the petitioner's own conduct primarily contributed to his injuries. See id.; see also Random House Webster's Unabridged Dictionary 1537 (2d ed. 2001) (defining "primarily," in this context, as "essentially; mostly; chiefly; principally"). But for the petitioner's decision to leave his home after the burglary ended, enter his vehicle, pursue the intruder down the road in his vehicle, tackle the intruder, and then physically restrain the intruder until assistance arrived, the petitioner's injuries would not have occurred. Accordingly, pursuant to the plain language of New Hampshire Administrative Rules, Jus 605.02(e), the petitioner was not eligible for compensation from the Commission. For these reasons, we conclude that the finding that the petitioner is not entitled to compensation was not clearly unreasonable or unlawful.

To the extent that the petitioner asserts that he effectuated a proper citizen's arrest and that his use of force against the intruder was justified based upon various provisions of the Criminal Code, his arguments are not material to the issue before us; here, we are required to apply the regulations governing compensation to victims of crime to the facts of this case.

Moreover, the petitioner argues that general public policy considerations justified his actions and entitle him to compensation. We are not unsympathetic to the petitioner's position, given his injuries and financial losses; but our review is necessarily limited to the unambiguous provisions of the regulations at issue here and the petitioner has not demonstrated that the decision to deny him compensation contravened public policy as expressed in the regulations. See Appeal of Merrimack County, 156 N.H. 35, 45 (2007). Finally, any issues raised in the notice of appeal, but not fully briefed, are deemed waived. See In re Estate of King, 149 N.H. 226, 230 (2003).

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**

3